IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | 8:99CR94 |
| v. | ) ) | |
| TYSON HUBBARD, | ) | MEMORANDUM AND ORDER |
| Defendant. | ) ) ) | |

This matter is before the court on the defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Filing No. 93.[1]

In his § 2255 motion, the defendant alleges a claim of ineffective assistance of counsel in connection with his conviction and sentencing for a violation of supervised release. Hubbard alleges counsel was ineffective in that he: (1) failed to request a continuance of the federal revocation sentencing hearing until he had been sentenced by the state; (2) advised him to plead guilty to a violation of supervised release allegation that he had been convicted in state court of sexual assault when he had not yet been sentenced on the state conviction; (3) advised him his federal sentence would run concurrent to any state sentence and that his federal sentence would include credit for the time he was incarcerated pending his state and federal charges; and (4) failed to appeal his federal sentence. *Id.*

---

[1] Also pending is defendant's motion for appointment of counsel and objection to the government's motion to extend, Filing No. 101. The court has considered the affidavits submitted in support of and opposition to the Section 2255 motion and finds that appointment of counsel is not necessary. Accordingly, the motion will be denied as moot.

In order to succeed on a claim of ineffective assistance of counsel, a defendant must prove (1) that counsel's performance was deficient, i.e., it was outside the wide range of professionally competent assistance; and 2) that he was prejudiced by the deficient performance.  [Strickland v. Washington, 466 U.S. 668, 689-90, 694 (1984)](#)).

The court's review of the record shows that Hubbard testified at the revocation hearing that he had reviewed and discussed the petition with defense counsel, albeit briefly.  Filing No. [94](#), Transcript (Tr.) at 6.  He declined the court's offer of more time to review it.  *Id.*  Hubbard's contention that his counsel was ineffective for failing to request a continuance of the proceeding until after he had been sentenced in state court lacks merit because regardless of the state court sentence, the court intended to impose a two-year consecutive sentence.  *See id*. at 15 (noting that it was defendant's second violation, it was a serious violation, and that the court would therefore "double" its usual violation sentence and impose the sentence consecutive to the state sentence).

Further, the court finds no merit to Hubbard's contention that counsel was ineffective in advising him to plead to having been convicted of a crime in state court (and not to admit to the elements of that crime).  The record shows that Hubbard understood the situation to be that "[j]ust by having the conviction from the jury, that in itself is all that is needed for the conviction for the violation."  *Id.* at 7.  The record shows that defense counsel was careful to avoid any admissions by the defendant that could be held against him if his state court conviction were reversed on appeal.  *Id.* at 2-3.  The court finds that counsel's advice was well within the bounds of competent representation.  Also, the government produced, and the court took judicial notice of, a certified copy of the conviction, which, in the absence of a plea, would have proved the violation at trial.  *Id.* at 4.  Accordingly, it is clear

that Hubbard had no defense to the allegation and no incentive not to enter a plea. The defendant has not shown that counsel's conduct prejudiced him in any way.

Also, the record shows there is no merit to the allegation that his counsel advised him his federal sentence would run concurrent to any state sentence and that his federal sentence would include credit for the time he was incarcerated pending his state and federal charges. It is clear from the record that Hubbard was sentenced to a consecutive term of imprisonment and if that was not his understanding, he could have voiced an objection at that time.

A lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *Roe v. Flores-Ortega,* 528 U.S. 470, 477 (2000) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). Although counsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for the purpose of section 2255 and does not require a showing of prejudice, a defendant must show he made his desire to succeed evident to his attorney with more than a bare assertion when there is more credible evidence to the contrary. *Yodprasit v. United States,* 294 F.3d 966, 969 (8th Cir. 2002). See *Flores-Ortega,* 528 U.S. at 480 (stating that complete denial of counsel during a critical stage, including appeal, mandates a presumption of prejudice).

Whether counsel is deficient for not filing a notice of appeal when the defendant has not clearly conveyed his wishes one way or the other is a different issue. *Id.* at 477. Counsel has a constitutionally imposed duty to consult with the defendant about an appeal

when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.  *Id.* at 480.  Counsel's failure to consult a defendant about an appeal must actually cause the forfeiture of the defendant's appeal.  *Keys v. United States*, 545 F.3d 644, 648 (8th Cir. 2008).  If the defendant cannot demonstrate that, "'but for counsel's deficient performance, he would have appealed, counsel's deficient performance has not deprived him of anything, and he is not entitled to relief.'"  *Id.*

   Hubbard and his attorney have proffered conflicting testimony in their affidavits.  Defense counsel has submitted an affidavit stating that he met with Hubbard several times after Hubbard's federal court sentencing and represented him at sentencing in Douglas County District Court.  Filing No. 104, Index of Evid., Attachment 1, Affidavit of Glenn Shapiro at 2.  Counsel states that Hubbard asked to appeal his state court conviction, but not the federal sentence. *Id.*  The court finds counsel's version is more credible.  Several factors corroborate counsel's recitation of events.  The colloquy at the time of the federal sentencing shows that the defendant and counsel intended to appeal the state court conviction, no matter what sentence was imposed in either court.  Also, the record shows that counsel intended to seek a concurrent sentence in state court.  Counsel's affidavit is further corroborated by the e-mail's submitted by the defendant, showing that defense counsel's strategy was to "get around" this court's consecutive sentence by having the state court sentence the defendant to a concurrent term of imprisonment.  Filing No. 111,

4

Index of Evid., Exhibit ("Ex.") 2, Affidavit of Rebecca Hubbard, Attachment 2, e-mail dated July 6, 2009 (ECF Doc # 111, Page ID #161).

The defendant's affidavit, on the other hand, is not credible. He states that "but for counsel's erroneous advice, he would not have admitted to the supervised release violation and would have "put the United States to its burden of proving [his] conduct constituted a criminal act and, if found to be in violation of my supervised release, would then adduce evidence intended to persuade the district court to exercise its discretion in imposing a sentence concurrent with my future state sentence." Filing No. 111, Ex. 1, Affidavit of Tyson Hubbard at 2-3 (ECF Doc # 111, Page ID # 148-49). It would not have been logical nor would it have been in the defendant's best interest not to have entered a plea of guilty to the violation when the government clearly had evidence that would have proved the allegation at trial. Defendant's affidavit is contradictory in that defense counsel's strategy, to obtain a concurrent sentence in state court, is at odds with a professed need to appeal the federal sentence. A rational defendant would not want to appeal, because there were no nonfrivolous grounds for appeal. The court finds counsel's testimony is more credible and finds the defendant's assertions are self-serving and unworthy of credence.

In any event, the remedy for failing to file an appeal would be a resentencing, which could then be appealed. Because this was the defendant's second supervised release violation and it was a serious offense, the court would impose the same sentence. As noted, there would be no nonfrivolous grounds for appeal. Accordingly, the court finds the defendant's motion to vacate, set aside, or correct his sentence should be denied.

THEREFORE, IT IS ORDERED:

1. The defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 93) is denied.

2. The defendant's motion to appoint counsel and objection to motion to extend (Filing No. 101) is denied as moot.

DATED this 4th day of February, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.